**UNITED STATES of America ex rel. Leon PINDER**

v.

**John T. ZIEGLER, Superintendent, Broadmeadows Prison, Delaware County, Pennsylvania.**

**Civ. A. No. 70-2296.**

United States District Court, E. D. Pennsylvania.

April 5, 1971.

Carmen P. Belefonte, Kassab, Cherry, Curran & Archbold, Chester, Pa., for Leon Pinder.

Stephen J. McEwen, Jr., Dist. Atty., Delaware County, by Ralph B. D'Orio, Asst. Dist. Atty., for the Commonwealth.

## OPINION AND ORDER

HANNUM, District Judge.

Presently before the court is a petition for writ of habeas corpus in which relator, Leon Pinder, attacks his conviction for "Lottery" and "Traffic in Lottery Tickets", on Bill of Indictment No. 100, December Sessions, 1967, Court of Common Pleas, Criminal Division, Delaware County, Pennsylvania.

Relator challenges the legality of his confinement upon the grounds that: (1) his conviction was based upon evidence seized during an unlawful search of his person in violation of his rights under the Fourth Amendment; (2) the trial court's refusal to compel disclosure of the identity of a confidential informer violated relator's rights under the Sixth Amendment; (3) the trial court improperly commented upon relator's decision not to testify in his own behalf in violation of his rights under the Fifth Amendment.

On August 26, 1967, relator was arrested and charged in the above-mentioned indictment with lottery and traffic in lottery tickets.

Relator entered a plea of not guilty and on April 4, 1968, was tried by a jury and found guilty.

On July 15, 1968, relator's motions for new trial and in arrest of judgment were denied, and on August 7, 1968, relator was sentenced to imprisonment for a period of three (3) months in the county jail and to pay a fine of three hundred ($300) dollars.

Relator appealed his conviction to the Pennsylvania Superior Court, and on February 7, 1969, the conviction was affirmed *per curiam.* Commonwealth v. Pinder, 214 Pa.Super. 723, 249 A.2d 801 (1969).

On April 30, 1969, the Supreme Court of Pennsylvania denied allocatur. No. 52–A, Misc. Docket No. 17.

On July 31, 1970, relator filed a petition in the Court of Common Pleas, Criminal Division, of Delaware County to review and reconsider the sentence imposed. This petition was denied on August 19, 1970, and the present petition followed.

Relator is approximately sixty-eight (68) years old, and has no prior conviction and with the agreement of the District Attorney of Delaware County, has been released on bail pending disposition of the instant petition.

After carefully examining the state court records, the court concludes that they are complete and adequate and that an evidentiary hearing in this court is, therefore, not necessary. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).

Relator's first contention involves the question of whether the information contained in the affidavit used to obtain the search warrant was legally sufficient to establish the requisite probable cause for the issuance of the warrant. This case presents a very close question.

The information contained in the affidavit is as follows:

"The grounds for probable cause and reasons for affiant's belief are the following to wit; Complaints and information received from persons of reliable and good reputation, which your affiant has reason to believe and does believe to be true and upon which he has relied in making this affidavit, that this office received information from a person of reliable and good reputation which the affiant has reason to believe and does believe to be true and that information received from this informant has proved to be true and correct in the past that this man was engaged in picking up number plays.

"Personal knowledge, that this man has been observed by investigating officers approaching people on the street and in front of various houses and in turn the people would hand him slips of white paper which we believe to be number sets. Surveillance dates: Aug. 15, 16, 17, 18, 1967, 1600 block of W. 3rd St., Chester, 100 Block Central Ave. Chester, 200 Broomall St., Chester."

The Commonwealth concedes in its brief that the informant's tip as disclosed was not legally sufficient in itself to provide a basis for a finding of probable cause that a crime was being committed. The Commonwealth argues, however, that when the informant's tip is coupled with observations of the surveilling officers, the information that is collectively presented provides a sufficient basis for a magistrate's finding that probable cause exists.

Relator contends that the affidavit did not contain an allegation that the informer or the surveilling officers had personally observed the contents of the slips of white paper or had ever placed a bet with him. Without knowledge of the underlying circumstances supporting the conclusion that the slips of paper that were handed to relator contained lottery bets, relator contends that the magistrate could not reasonably conclude that the requisite probable cause existed, for while relator's conduct was somewhat unusual, it was not in and of itself criminal.

This case is governed by Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and the question presented is whether the information disclosed by the informant coupled with the independent personal observations of the surveilling officers is at least as trustworthy as the informer's tip would need to be to stand alone under the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

The informant's tip as disclosed in the affidavit is an unsupported conclusion that the relator was "engaged in picking up number bets". It is clear and, as previously stated, the Commonwealth concedes that this was not sufficient. In addition, however, the affidavit reveals that the affiant and three other police officers personally observed relator approaching people on the street and receiving slips of white paper from them. This unusual activity was observed on four consecutive days. More importantly, however, relator's observed course of conduct was highly characteristic of one "engaged in picking up number bets".

This observed course of conduct clearly corroborates the informant's conclusion and when read in conjunction reasonably suggests that a crime was probably being committed. United States ex rel. Kislin v. New Jersey, 429 F.2d 950 (3rd Cir. 1970); United States v. Singleton (Appeal of Mosby) 439 F. 2d 381 (3d Cir. March 2, 1971).

■ The court therefore concludes that the information contained in the

affidavit was sufficient to indicate the probability of criminal activity and to issue the search warrant.

The second question raised by relator's petition involves the refusal of the trial court to compel the disclosure of the identity of a confidential informer. Relator contends that this refusal denied him his right of confrontation under the Sixth Amendment.

■ Since there was no indication at the time that the request was made that the informer either participated in or was a material eyewitness to the criminal activities in question or was otherwise needed for a fair determination of the issues at trial, the court concludes that the request was properly denied and that relator's present argument is without merit. United States v. Ferrone, 438 F.2d 381 (3d Cir. February 17, 1971); United States ex rel. Saunders v. Ziegler, 319 F.Supp. 492, 498 (E.D.Pa.1970), citing McCray v. Illinois, 386 U.S. 300, 313–314, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).

■ Relator's last contention is that the trial court improperly commented upon his decision not to testify at his trial.

The portion of the charge containing what relator contends is the improper comment is as follows:

"The defendant did not take the witness stand. That does not mean that because he did not take the witness stand he is guilty. The defendant has a right to keep silent, and the defendant has a right not to testify, but what, in effect, he is saying to you is, well, you have heard the testimony of the Commonwealth, by that testimony has the Commonwealth convinced you beyond a reasonable doubt that I am guilty. If they have, then your verdict must be guilty; if they have not, then you must say to me, you are not guilty, and that is what you have confronting you at the present time."

Although the foregoing language is not a model of clarity, it is clearly not the type that the Fifth Amendment proscribes. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); United States ex rel. Mitchell v. Pinto, 438 F.2d 814 (3d Cir. February 3, 1971).

The court has carefully reviewed the entire charge of the trial court including the above-quoted portion and has concluded that the charge, taken as a whole, reflects the proper standards by which the jury was to determine relator's guilt or innocence.

Accordingly, relator's petition for writ of habeas corpus will be denied.